24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joseph GUERRERO, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 93-50485.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 4, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and WILLIAMS,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Guerrero appeals the U.S. Parole Commission's release date determination under 18 U.S.C. Sec. 4106A(b)(2).
 
 
 4
 A. Guerrero first claims he is not legally in custody because a Mexican appellate court set aside his sentence. We cannot, however, reach the merits of this claim; our jurisdiction is limited to review of the Commission's determination under subsection 4106A(b)(2). Ajala v. United States Parole Comm'n, 997 F.2d 651, 653-54 (9th Cir.1993). As it was not within the Parole Commission's authority under section 4106A to vacate Guerrero's sentence, we cannot consider the validity his sentence here.[1]
 
 
 5
 B. Guerrero also challenges the computation of his good time credits under 18 U.S.C. Sec. 4105. We have held that "the calculation and award of foreign ... credits is not part of the Commission's Sec. 4106A determination, but is a matter for the Bureau of Prisons." Ajala, 997 F.2d at 656. Thus, we also lack jurisdiction over this claim.
 
 
 6
 C. We can, however, reach Guerrero's challenge to his offense level. See 18 U.S.C. Sec. 3742(a)(2). As the Commission points out, Guerrero did not object to its determination during the proceedings below. Because the Commission was therefore unable to address his claim, it's not clear we can consider it. At most we review for plain error, see United States v. Tarazon, 989 F.2d 1045, 1051 (9th Cir.1993), and there is none. The record provides plenty of support for a finding that Guerrero was transporting more than 50 kilograms of cocaine--the minimum for his offense level of 36.
 
 
 7
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Spencer M. Williams, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This matter is pending in a habeas action before the United States District Court for the Southern District of California